# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUNE JONES | CIVIL ACTION |
| VERSUS | NO. 18-4496 |
| UNITED STATES OF AMERICA | SECTION: "G"(5) |

## ORDER

Before the Court is Defendant the United States of America's (the "United States") unopposed "Motion to Dismiss Claims Against Defendant United States of America for Lack of Subject Matter Jurisdiction."[1] The pending motion was filed on May 17, 2018, and set for submission on June 6, 2018.[2] Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date. Plaintiff has not filed any opposition to the motion, timely or otherwise. This Court has authority to grant a motion as unopposed, although it is not required to do so.[3]

On April 5, 2018, Plaintiff June Jones ("Plaintiff") filed suit against Mark Wilberg ("Wilberg"), an employee of the Transportation Security Administration ("TSA"), in the 8th Justice of the Peace Court for the Parish of Jefferson, State of Louisiana.[4] Plaintiff's claim stems from an incident that occurred at the Louis Armstrong New Orleans International Airport on May

---

[1] Rec. Doc. 7.

[2] *Id.*

[3] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[4] Rec. Doc. 1-1.

24, 2017.[5]

On May 1, 2018, the United States removed the case to this Court.[6] At the time of removal, the United States was substituted as the sole proper party federal Defendant, pursuant to the Federal Tort Claims Act (the "FTCA"), because the Acting United States Attorney certified that Wilberg was in the course and scope of his federal employment during the time in which Plaintiff's allegations arose.[7]

In the instant motion, the United States seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, based on sovereign immunity and Plaintiff's failure to comply with 28 U.S.C. §§ 2401(b) and 2675(a).[8] In the pending motion, the United States contends that this Court lacks subject matter jurisdiction over this matter because there is no waiver of sovereign immunity as Plaintiff did not file an administrative claim with the TSA prior to filing this lawsuit.[9]

"The United States, as sovereign, is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[10] To clearly waive the Federal Government's sovereign immunity, the waiver "must be

---

[5] *Id.*

[6] *See* Rec. Doc. 1.

[7] *Id.* The FTCA provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the actions of federal employees taken within the scope of their office or employment. 28 U.S.C. § 2679(b)(1).

[8] Rec. Doc. 7-1 at 3.

[9] *Id.* at 3–4.

[10] *Hercules, Inc. v. United States*, 516 U.S. 416, 422 (1996) (internal quotation marks and alterations omitted).

unequivocally expressed in statutory text."[11] "Consequently, no suit may be maintained against the United States unless the suit is brought in exact compliance with the terms of a statute under which the sovereign has consented to be sued."[12] "Where the United States has not consented to suit or the plaintiff has not met the terms of the statute, the court lacks jurisdiction and the action must be dismissed."[13]

Before a plaintiff may bring an action under the FTCA, she must first comply with the administrative claim requirement, which is a prerequisite to filing a claim under the FTCA. As set forth in 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

Subject matter jurisdiction over claims brought under the FTCA "is conditioned on compliance with 28 U.S.C. § 2675(a)," and this jurisdictional requirement may not be waived.[14]

Even with the most liberal construction, Plaintiff does not allege that she complied with the administrative requirements of the FTCA prior to filing this action, nor is it apparent from the record that she has done so. To the contrary, the United States presents a declaration of the Branch Chief for the Claims Management Branch of the TSA, which states that Plaintiff has not filed any

---

[11] *Lane v. Pena*, 518 U.S. 187, 192 (1996).

[12] *Koehler v. United States*, 153 F.3d 263, 266 (5th Cir. 1998) (internal citations omitted).

[13] *Id.*

[14] *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995), *on reh'g in part*, 81 F.3d 520 (5th Cir. 1996).

administrative tort claims. Accordingly, because Plaintiff has failed to comply with 28 U.S.C. § 2675(a) and has not identified any other applicable waiver of sovereign immunity, any claims Plaintiff is asserting against the United States must be dismissed for want of subject-matter jurisdiction.

Based on the foregoing,

**IT IS HEREBY ORDERED** that the United States of America's "Motion to Dismiss Claims Against Defendant United States of America for Lack of Subject Matter Jurisdiction"[15] is **GRANTED.**

**NEW ORLEANS, LOUISIANA,** this 4th day of September, 2018.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[15] Rec. Doc. 7.